**Clark v. Kestner**
*[Cite as 4 AOA 456]*

*Case No. 90AP-27*
*Franklin County, (10th)*
*Decided June 28, 1990*

*Plymale & Associates, and Mr. Stephen D. Plymale, for Appellant.*

*Mr. John D. Emerich and Mr. Quinton R. Dressel, for Appellee.*

*Mr. Michael J. Petrucci and Mr. Kelly M. Morgan, for Darrell Kestner.*

YOUNG, J.

This matter is before this court upon the appeal of Scott Clark, appellant, from a summary judgment granted in favor of appellee Leonard Kestner. The facts giving rise to the matter herein, are as follows:

"Appellant sustained injuries as a result of an automobile accident. He was a passenger in a pickup truck which was driven by Darrell Kestner. Darrell's father, Leonard Kestner, is the owner of the pickup truck, but was not involved in the accident. Appellant filed suit against Darrell and Leonard Kestner to recover for his injuries. On May 19, 1989, the trial court set a trial date for December 4, 1989. On October 2, 1989, subsequent to the setting of the trial date, appellee filed a motion for leave of court and attached to that motion his motion for a summary judgment. On November 30, 1989, prior to the date set for trial, the trial court simultaneously granted both motions, appellee's motion for leave of court, and motion for summary judgment. The case proceeded to trial, and a jury rendered its judgment in favor of appellant."

Thereafter, appellant filed an appeal with this court and now asserts the following sole assignment of error:

"I. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO DEFENDANT LEONARD KESTNER IN VIOLATION OF LOCAL RULES 25.03(A) AND 25.03(D)."

The pertinent portions of Loc. R. 25 of the Court of Common Pleas of Franklin County, are as follows:

"25.01 All motions shall be accompanied by a brief stating the grounds thereof and citing the authorities relied upon. The opposing counsel or a party shall serve any answer brief on or before the fourteenth day after the date of service as set forth on the certificate of service attached to the served copy of the motion. The moving party shall serve any reply brief on or before the seventh day after the date of service as set forth on the certificate of service attached to the served copy of the answer brief. On the twenty-eighth day after the motion has been filed, the motion shall be deemed submitted to the judge to whom the case is assigned. Oral hearings on motions are not permitted except upon leave of the assigned judge upon written request by a party. The time and length of any such oral hearing shall be fixed by the assigned judge. Except as otherwise provided, this Rule shall apply to all motions.

"* * *

"25.03 In addition to the provisions of Local Rule 25.01, the following provisions shall apply to motions for summary judgment:

"(A) Motions for summary judgment shall be deemed submitted to the assigned judge at a non-oral hearing on a date fixed in the manner provided by this Rule. The non-oral hearing date shall be set by the assignment commissioner at the request of the moving party. The party obtaining the non-oral hearing date shall promptly notify all other parties of such date in writing and shall file such notice with the Clerk. *No motion for summary judgment will be considered submitted to the Court until a non-oral hearing date is set* and the failure of the moving party to obtain a non-oral hearing date may be considered as grounds for denial of the motion.

"* * *

"(C) No motion for summary judgment shall be assigned for oral argument without the content of the assigned judge. Assignment of a summary judgment motion for oral argument shall not alter the non-oral hearing date time periods for serving and filing briefs and permitted evidentiary materials unless specifically so ordered by the judge.

"(D) *No motion for summary judgment shall be filed in any case after it has been set for pre-trial or trial without leave of the trial judge first obtained,* in which case the motion shall be assigned, heard and submitted as set forth in Local Rule 25.01 and 25.03 unless specifically ordered otherwise by the trial judge.

"25.04 No motion shall be filed in any case after it has been set for trial or pre-trial without leave of the trial judge first obtained, who may establish the times for the filing of briefs and submission of the motion." (Emphasis added.)

Pursuant to the scheme of Loc. R. 25, specifically Loc. R. 25.03(D), once a case has been set for trial, leave of court must be obtained in order to file a motion for summary judgment. Once leave of court has been obtained, the movant then files his motion for summary judgment and pursuant to Loc. R. 25.03(A), the motion is only deemed Submitted to the court at such time that a non-oral hearing date is set by the assignment commissioner at the request of the moving party. Loc. R. 25.03(A) also requires the moving party to notify, in writing, all other parties of the non-oral hearing date and to file such notice with the trial court.

In the facts at bar, it is clear that appellee did not first obtain leave of court before filing his motion for summary judgment. Furthermore, a non-oral hearing date was neither set nor did the appellee notify appellant, in writing, as to the date of the non-oral hearing. Appellant was entitled to this notice and denied his opportunity to respond to appellee's motion for summary judgment since the rule allows him until the date of the non-oral hearing to respond in opposition to appellee's motion. The trial court acted in contravention of Loc. R. 25, when it simultaneously granted appellee's motion for leave of court and motion for summary judgment.

Loc. R. 25.03(D) contains the language "* * * unless specifically ordered otherwise by the trial judge." A cursory reading of this language seems to obviate the procedural scheme set forth in Loc. R. 25 at the judge's discretion. However, upon further analysis, Loc. R. 25.03(D) is limited to "motion(s) for summary judgment" and does not apply to motions for leave of court within the purview of Loc. R. 25. Thus, the trial court and the moving party must follow the procedural scheme set forth in Loc. R. 25 for properly implementing a leave of court.

Accordingly, appellant's sole assignment of error is well-taken and is sustained. The judgment of the Franklin County Court of Common Pleas is reversed and the cause is remanded for further proceedings in accordance with law and this opinion.

*Judgment reversed and cause remanded.*

BOWMAN and COLE, JJ., concur.

COLE, J., of the Clark County Court of Common Pleas, sitting by assignment in the Tenth Appellate District.